UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY RAYMOND DODD,<br>Aka MARCHE PHARAOH DODD,<br><br>Defendant. | NO. CR24-078 JHC<br><br>ORDER GRANTING<br>PARTIES' AGREED MOTIONS IN LIMINE |

THIS COURT has considered the parties' Agreed Motions in Limine. Dkt. # 68. Based on the Motion submitted therewith, the Court hereby ORDERS as follows:

A.  The parties' motion to preclude testimony and evidence of the Department of Corrections community custody condition requiring the defendant to undergo polygraphs and any polygraph testimony results is GRANTED.

B.  The parties' motion to preclude testimony and evidence of the defendant's Department of Corrections community custody status is GRANTED. The parties will inform the jury that the defendant was "legally contacted by community corrections officers who conducted a legal search of his person, vehicle, and residence/apartment."

C. The parties' motion to preclude testimony and evidence of the anonymous tip reporting the defendant was engaged in drug sales, firearm possession, human trafficking, and rape received by the King County Sheriff's Office and later the Department of Corrections is GRANTED.

D. The parties' motion to preclude testimony and evidence of a specific "other suspect" responsible for the charges is GRANTED.

E. The parties' motion to preclude testimony and evidence concerning punishment is GRANTED.

F. The parties' motion to preclude testimony and evidence of defendant's current legal name is GRANTED.

G. The parties' motion to preclude testimony and evidence of the status of the firearm being stolen will not be raised during phase one of the trial is GRANTED.

H. The parties' motion to preclude testimony and evidence of the defendant's social media account is GRANTED.

I. The parties' motion to preclude testimony and evidence of the Department of Corrections community custody warrant in February 2024 is GRANTED.

J. The parties' motion to preclude admission of the defendant's three convictions of dishonesty for First Degree Robbery pursuant to Federal Evidence Rule 609 will not be introduced at trial absent the defendant testifying and following a Court determination of admissibility is GRANTED.

Dated this 27th day of June, 2025.

_____
JOHN H. CHUN
United States District Judge