UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-cr-078-JHC |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY RAYMOND DODD, | |
| Defendant. | |

## I

### INTRODUCTION

This matter comes before the Court on Defendant's "Motion New Trial Pursuant to F.R.Cr. P. 33 and for Judgment of Acquittal Pursuant to F.R.Cr.P. 29." Dkt. # 125. Defendant asks the Court to grant him a new trial under Federal Rule of Criminal Procedure 33, or to set aside the jury's verdict and enter an acquittal under Federal Rule of Criminal Procedure 29. *Id.* The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the case file, and the governing law. Being fully advised, for the reasons below, the Court DENIES the motion.

//

ORDER - 1

## II

### DISCUSSION

A.    Federal Rule of Criminal Procedure 33

A criminal defendant can ask the court to "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Cr. P. 33(a).  But a motion for a new trial is granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Alvear*, 2025 WL 2388884, at *2 (9th Cir. Aug. 18, 2025) (quoting *United States v. Pimental*, 654 F.2d 538, 545 (9th Cir. 1981)).

Defendant makes two arguments for a new trial under this rule.  First, he argues a Government witness—Detective Knapp—offered improper testimony on his state of mind and guilt.  Dkt. # 125 at 2–3.  According to Defendant, a portion of Knapp's testimony was impermissibly prejudicial and, even though the Court issued a curative instruction to the jury, this was insufficient to eliminate the harm that flowed from the improper testimony.  *Id.*  Second, Defendant says the Government defied a Court-issued limiting instruction that prohibited the Government from offering as evidence a text message for the truth of the matter asserted therein. *Id.* at 2, 4–5.  Defendant contends he was prejudiced because the Government defied this instruction and made arguments to the jury that suggested the information in this text message was true.  *Id.*

In response, the Government says that even assuming Knapp's testimony was inadmissible, the Court instructed the jury to disregard the portion of the testimony that Defendant now says was prejudicial.  Dkt. # 126 at 4–5.  The Government also says it did not use the text message evidence for any improper purpose.  *Id.* at 6.  And it adds that the weight of the evidence against Defendant was substantial, so a new trial is not required for this reason too.  *Id.* at 6–7.

Neither argument raised by Defendant persuades the Court that the interests of justice require a new trial. Fed. R. Crim. P. 33. The Court instructed the jury to disregard the portion of Detective Knapp's testimony that Defendant says was unfairly prejudicial. Dkt. # 125 at 4. Defendant acknowledges this but says the Court's remedial action was inadequate because it came after a lunch recess. *Id.* Yet Defendant cites no authority holding that the Court's curative instruction must be immediate for it to be effective. Defendant instead simply cites a Ninth Circuit case where a judge's curative instruction was effective in eliminating prejudice because it was given to the jury immediately. *Id.*; *see United States v. Dorsey*, 677 F.3d 944, 955 (9th Cir. 2012) ("the district court's swift rebuke in front of the jury prevented [the witness]'s improper comment from materially affecting the verdict"). Contrary to Defendant's argument, the Ninth Circuit has said, "[a] judge's *prompt* corrective action in response to improper comments usually is sufficient to cure any problems arising from such improper comments." *United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006) (emphasis added). And the Court's action here was prompt because it instructed the jury to disregard the objectionable portion of Detective Knapp's testimony on the same day it was presented to the jury. *Cf. United States v. Randall*, 162 F.3d 557, 560 (9th Cir. 1998) (court issued curative instruction promptly when it instructed the jury the day after prejudicial statements were made). The Court likewise instructed the jury that the testimony to be disregarded was not evidence and could not be considered when deciding the facts of the case. Dkt. # 106 at 7. There is a strong presumption that the jury followed these instructions and Defendant does not attempt to explain why the jury would have failed to follow the Court's instructions here. *See United States v. Lemus*, 847 F.3d 1016, 1025 (9th Cir. 2016) (quoting *United States v. Pavon*, 561 F.2d 799, 803 (9th Cir. 1977)) ("When the court strikes testimony and gives . . . an instruction [to disregard it], there is a strong presumption

that the jury has followed the court's instruction.").  Thus, Detective Knapp's stricken testimony does not entitle Defendant to a new trial.

Defendant's other argument, that the Government impermissibly offered a text message for the truth of the matter asserted in the message, is unsupported by caselaw or any citation to the record.  Dkt. # 125.  Even so, the Government did not rely on this evidence for the truth of the matter asserted in the text message; it introduced the text message as circumstantial evidence that Defendant's cellphone was used to distribute fentanyl.  *See* Dkt. ## 125 at 5; 126 at 6.  The Court allowed the text message to be introduced as evidence for this purpose.  Dkt. # 89 at 1.  And jurors are permitted to consider circumstantial evidence before issuing a verdict.  *See* Dkt. # 106 at 8.  So the Government's use of this evidence does not warrant granting Defendant a new trial.

What is more, as discussed below, the Government's case against Defendant was strong.  Defendant's arguments do not demonstrate that the evidence heavily preponderated against the jury's verdict.  This is another factor that militates in favor of denying Defendant's motion for a new trial.  *See Alvear*, 2025 WL 2388884, at *2.

B.    Federal Rule of Criminal Procedure 29

A criminal defendant "may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).  "If the jury has returned a guilty verdict," as is the case here, "the court may set aside the verdict and enter an acquittal."  Fed. R. Crim. P. 29(c)(2).  Put differently, this rule "requires a trial court to enter a judgment of acquittal if the Government fails to present sufficient evidence to sustain a conviction."  *United States v. Miller*, 953 F.3d 1095, 1108 (9th Cir. 2020).  Evidence is sufficient when it is "view[ed] . . . in the light most favorable to the prosecution [and] *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Id.* (quoting *United States v. Dearing*, 504 F.3d 897, 900 (9th Cir. 2007)).

Defendant moves for acquittal based on a lack of evidence.  Dkt. # 125 at 5–6.  He contends no reasonable jury could have found him guilty beyond a reasonable doubt because the Washington State Patrol Crime Lab only tested one pill found in his possession for fentanyl and never tested any of the other pills.  *Id.* at 6–7.  The forensic scientists who tested the pill also explained that similar pills sometimes do not contain fentanyl and one cannot determine the composition of a pill simply by looking at it.  *Id.* at 7.  So, according to Defendant, there was insufficient evidence to support a conviction on Count 1—Possession with Intent to Distribute a Controlled Substance—because the only evidence before the jury was that one pill found in Defendant's possession contained fentanyl.  *Id.*  Defendant adds that this evidence was likewise insufficient for the jury to find the quantity of fentanyl involved in Count 1 was greater than 40 grams.  *Id.*

As to Count 2—Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Defendant says the Government's forensic scientist could not rule out that Defendant's DNA was on the handgun due to secondary transfer.  *Id.*  He adds that the forensic scientist could not definitively say whether Defendant held or touched the firearm.  *Id.*  Thus, Defendant maintains that there was insufficient evidence to support the jury's guilty verdict on both Counts.  *Id.*

Regarding Court 1, the Government responds that the jurors heard from its witnesses that Defendant was observed driving a car alone on the morning he was arrested, and two bags of blue pills were found in the car shortly after his arrest.  *Id.*  The jurors also saw that all the pills in these bags were the same size, shape, and color, and the pills were all stamped with "M" on one side and "30" on the other.  *Id.*  The jurors similarly saw images that showed a dust or residue around these pills and inside the bags.  *Id.*  The Government's experts then testified that

fentanyl pills are typically of the same size, shape, and color as those found in Defendant's car. *Id.*  Similarly, the Government's experts testified that fentanyl pills are often stamped with "M" on one side and "30" on the other. *Id.* at 7–8.  And the expert explained that dust or residue is often found around fentanyl pills because they are not coated in the same way as legitimate pharmaceutical pills. *Id.*  The forensic science expert further testified that the bag the tested pill came from weighed 95.6 grams. *Id.* at 8.

The Government argues that the evidence for Count 2 is equally strong. *Id.* at 8–9.  It says its expert testified that (1) there was an extremely high likelihood ratio that Defendant's DNA was on the trigger area of the firearm and (2) there was an extremely high likelihood ratio that Defendant's DNA was on the magazine of the firearm. *Id.* at 9.  And the Government adds that the firearm was found in the car that Defendant was observed driving alone the same morning. *Id.*

Defendant's arguments do not show that the jury's verdict should be set aside.  Even though the Washington State Patrol Crime Lab did not test every pill seized from Defendant, a reasonable juror could have found the other pills—like the tested pill—contained fentanyl because all the pills were the same size, shape, and color, and all had an "M" stamped on one side and "30" on the other. *See id.* at 7–8.  On this basis, a reasonable juror could have also found Defendant possessed more than 40 grams of fentanyl because the pill that tested positive for fentanyl came from a bag of similar pills in his possession that weighed 95.6 grams. *See id.* at 8.  Along with these findings, the jurors could have found the pills in Defendant's apartment were fentanyl because he admitted that he was a fentanyl user. *Id.*  And although the Government's forensic science expert could not definitively say whether Defendant touched the firearm or whether his DNA was simply transferred to it, the jury saw that Defendant was driving alone in the vehicle before the firearm was found there. *See id.* at 9.  Coupled with the

strong DNA evidence linking Defendant to the firearm, a reasonable juror could have found that Defendant possessed the firearm. *See id.* Consequently, the Court will not set aside the jury's verdict on Counts 1 and 2.

### III

### CONCLUSION

For the above reasons, the Court DENIES Defendant's Motion for a New Trial. Dkt. # 125.

Dated this 3rd day of October, 2025.

John H. Chun
United States District Judge

ORDER - 7