UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTHONY RAYMOND DODD,<br>aka MARCHE PHARAOH DODD,<br>Defendant,<br>and<br>MITCHELL SCHRECK,<br>Third-Party Claimant. | NO. CR24-078-JHC<br><br>**STIPULATION AND ORDER SETTLING THIRD-PARTY CLAIM TO FIREARM** |

The United States and Third-Party Claimant Mitchell Schreck present the following Stipulation and proposed Order, Dkt. # 160, to settle the interest that Mr. Schreck has asserted in the Glock 45 9mm semiautomatic pistol, bearing serial number BVDV734 (the "Subject Firearm"), which was forfeited by Defendant Anthony Raymond Dodd in this case.

## I. BACKGROUND

Defendant was convicted of *Possession of a Controlled Substance with Intent to Distribute*, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1), *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), and *Unlawful Possession of a Firearm*, in violation of 18 U.S.C. § 922(g)(1) (Count 3), based upon his possession of the Subject Firearm on or about February 22, 2024, in King County, Washington. Dkt. Nos. 116, 118. On October 21, 2025, the Court entered a Preliminary Order of Forfeiture in which it forfeited Defendant's interest in the Subject Firearm. Dkt. No. 136.

As required by 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C), the United States published notice of the Preliminary Order of Forfeiture and the government's intent to dispose of the Subject Firearm in accordance with governing law. Dkt. No. 159. That notice informed any third parties claiming an interest in the Subject Firearm that they were required to file a petition with the Court within 60 days of the notice's first publication on October 23, 2025. *Id*.

As required by Fed. R. Crim. P. 32.2(b)(6)(A), the United States sent direct notice and a copy of the Preliminary Order of Forfeiture to Mr. Schreck and two other potential claimants. *See* Declaration of Assistant United States Attorney ("AUSA") Karyn S. Johnson in Support of Stipulation and Proposed Order Settling Third-Party Claim to Firearm ("Johnson Decl.") ¶¶ 2-6 & Exhibits A-C. Notice was successfully delivered to Mr. Schreck as well as to the other two potential claimants, with the last of the notices delivered on or about April 6, 2026. *Id.* ¶¶ 2-3 & Exhibit A (notice delivered to Mr. Schreck on or about April 6, 2026), ¶ 4 & Exhibit B (notice delivered to potential claimant I.P. on or about November 18, 2025), ¶¶ 5-6 & Exhibit C (notice delivered to potential claimant J.W. prior to April 17, 2026).

On May 11, 2026, Mr. Schreck's third-party petition was filed. *See* Dkt. No. 157. Mr. Schreck thereafter submitted a revised third-party petition in order to comply with

the statutory requirements of 21 U.S.C. § 853(n)(3). *See* Dkt. No. 158. In his revised petition, Mr. Schreck asserted that he is the rightful owner of the Subject Firearm and that it had been stolen from him. *Id.*

No competing claims to the Subject Firearm have been filed, and the period for doing so expired on May 4, 2026.

## II. STIPULATION

The United States and Mr. Schreck HEREBY STIPULATE to the following:

1. Mr. Schreck asserts he is the lawful owner of the Subject Firearm. Mr. Schreck states that he purchased the Subject Firearm in November of 2021.

2. Mr. Schreck asserts that the Subject Firearm was stolen from him in September of 2023, and he reported the theft to the Mountlake Terrace Police Department. Mr. Schreck has provided a copy of the Mountlake Terrace Police report, which corroborates his assertion about the theft of the Subject Firearm.

3. Mr. Schreck asserts that he did not submit a claim to his insurance company regarding the theft of the Subject Firearm. Mr. Schreck did not obtain any compensation from an insurance company for the theft of the Subject Firearm.

4. The information provided by Mr. Schreck is consistent with information contained in the firearms trace report ("Tracing Report") for the Subject Firearm prepared by the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The Tracing Report confirms that Mr. Schreck was the last individual who purchased the Subject Firearm from a Federal Firearms Licensee ("FFL") and further confirms that Mr. Schreck did so in November of 2021.

5. Mr. Schreck does not know Defendant or how he acquired the Subject Firearm.

6. The Federal Bureau of Investigation has confirmed that Mr. Schreck has no identifiable criminal history that precludes him from possessing a firearm at this time.

7. Mr. Schreck affirms that neither he nor any person living in his residence is prohibited from possessing a firearm.

8. Based on the information and affirmations reflected in Paragraphs 1–6, the United States agrees that Mr. Schreck had a vested interest in the Subject Firearm, pursuant to 21 U.S.C. § 853(n)(6)(A), before Defendant in this case possessed it.

9. In recognition of Mr. Schreck's superior interest in the Subject Firearm, the United States agrees to release the Subject Firearm to Mr. Schreck following the conclusion of criminal proceedings in this case, to include any criminal appeal. The FBI and/or the United States Marshals Service will affect the release of the Subject Firearm to Mr. Schreck.

10. Mr. Schreck understands the Subject Firearm constitutes evidence in this case and cannot be returned prior to the completion of these criminal proceedings, to include any criminal appeal.

11. Mr. Schreck understands and agrees the Subject Firearm will be returned to him in its current condition, that is, as seized from Defendant in this case.

12. Mr. Schreck understands and agrees that this Stipulation fully and finally resolves his claim to the Subject Firearm. Mr. Schreck waives any right to further litigate or pursue his claim, in this or any other proceeding, judicial or administrative.

13. Upon return of the Subject Firearm, Mr. Schreck agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or local law enforcement agencies, their agents, representatives, and/or employees, from any and all claims Mr. Schreck may possess, or that could arise, based on the seizure, detention, and release of the Subject Firearm.

14. The United States and Mr. Schreck agree they will each bear their own costs and attorneys' fees associated with the seizure, detention, and release of the Subject Firearm, as well as with Mr. Schreck's petitions and this Stipulation.

15. The United States and Mr. Schreck agree the terms of this Stipulation are subject to review and approval by the Court, as provided in the proposed Order below. If the Court enters the proposed Order, a violation of any term or condition of this Stipulation shall be construed to be a violation of that Order.

Respectfully submitted,

DATED: September 17, 2026

*s/ Karyn S. Johnson*

KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2462
Fax: (206) 553-6934
Karyn.S.Johnson@usdoj.gov

DATED: September 17, 2026

*s/ Mitchell Schreck*

MITCHELL SCHRECK
*************
Covington, WA. 98042
(***) ***-****
*******@gmail.com

* *Signed by AUSA Johnson on behalf of Mitchell Schreck per email authorization on September 16, 2026*

**ORDER**

The Court has reviewed the above Stipulation between the United States and Third-Party Claimant Mitchell Schreck, Dkt. # 160, which settles the interest Mr. Schreck has asserted in the Glock 45 9mm semiautomatic pistol, bearing serial number BVDV734, Dkt. Nos. 157, 158, which has already been forfeited by the Defendant in this case, Dkt. No. 136. The Court HEREBY APPROVES the Stipulation and its terms.

IT IS SO ORDERED.

DATED this 17th day of September, 2026

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE